# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM R ALTEMUS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 14-715-LPS |
| | : |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, | : |
| | : |
| Defendant. | : |

William R. Altemus, Millsboro, Delaware, Pro Se Plaintiff.

David C. Weiss, U.S. Attorney, and Shamoor Anis, Assistant U.S. Attorney, Wilmington, Delaware, Counsel for Defendant.

**MEMORANDUM OPINION**

January 12, 2022
Wilmington, Delaware

**STARK, U.S. District Judge:**

I. **INTRODUCTION**

Plaintiff William R. Altemus ("Plaintiff"), who proceeds *pro se*, commenced this action on June 6, 2014. He filed an Amended Complaint on March 2, 2021. (D.I. 54) Before the Court is Defendant's motion to dismiss and Plaintiff's motion for summary judgment. (D.I. 55, 59)

II. **BACKGROUND**

Plaintiff, a U.S. Air Force veteran, has sought and received medical and disability benefits from the Department of Veterans Affairs ("VA"). The original complaint raised the following claims: (1) Plaintiff was treated unfairly and unlawfully in connection with his application for increased disability benefits; (2) medical malpractice; (3) defamation; (4) violations of constitutional rights; and (5) violations of the Freedom of Information and/or Privacy Act ("FOIA/PA"), 5 U.S.C. 552 and 552a. On November 5, 2015, Plaintiff filed a motion to withdraw his complaint, construed by the Court as a motion to voluntarily dismiss the complaint. (D.I. 40, 42) The case was closed on November 16, 2015. (D.I. 42)

On April 27, 2020, Plaintiff filed a motion to reopen the case, the case was reopened, and Plaintiff filed an Amended Complaint on March 2, 2021. (D.I. 43, 53, 54) The Amended Complaint seeks to obtain evidentiary documents, including all electronic documents, from the VA not provided for 2012 to 2021 and "reconfirms there is no request for court involvement regarding benefit award.[1] (D.I. 54 at 3)

Defendant moves for dismissal pursuant to Fed R. Civ. P. 12(b)(6) on the grounds that Plaintiff never submitted his FOIA request to the VA and failed to exhaust his administrative

---

[1] The Amended Complaint states that in December 2017 Plaintiff successfully obtained 100 percent total disability without any new evidence. (D.I. 54 at 2)

1

remedies prior to filing suit. (D.I. 55 at 1) When Plaintiff failed to file a response to the motion, he was ordered to show cause why the case should not be dismissed for failure to prosecute. (D.I. 56) Plaintiff filed a response and a week later filed a motion for summary judgment.[2] (D.I. 57, 59) Defendant opposes the motion. (D.I. 60)

### III.    LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10. "In evaluating a motion to dismiss," the Court "may consider documents that are attached to or submitted with the complaint . . . 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public

---

[2] The Court finds Plaintiff has shown cause why the case should not be dismissed.

record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

### A. Motion to Dismiss

Defendant seeks dismissal on the grounds that the Amended Complaint contains no legal claims and, instead, requests documents and, therefore, is governed by the Freedom of Information

3

Act ("FOIA"). (D.I. 55) Defendant argues that Plaintiff never submitted a FOIA request to the VA and did not exhaust his administrative remedies prior to filing suit.

To the extent Plaintiff raises a FOIA claim, the claim fails as pled. "[T]he FOIA requires exhaustion of the administrative appeals process before an individual may seek relief in the district court." *Conley v. Fed. Bureau of Investigation*, 714 F. App'x 191, 194 (3d Cir. 2017) (quoting *McDonnell v. United States*, 4 F.3d 1227, 1240 (3d Cir. 1993)). The Amended Complaint alleges that Plaintiff's attempts to resolve issues "administratively failed" but does not provide facts to explain this statement. (D.I. 54 at 1) In Plaintiff's response to the show cause order, he states that he "pursued significant efforts for administrative resolve over the years." (D.I. 57 at 3) He also provides a copy of a complaint that refers to his numerous FOIA requests, but the list of FOIA requests is not included in the Amended. Complaint. (*See* D.I. 57 at Ex. 2)

As pled, the Amended Complaint does not specifically identify the FOIA requests made by Plaintiff or whether he exhausted administrative remedies as to each request. Therefore, Defendant's motion to dismiss will be granted. (D.I. 55) Plaintiff will be given leave to file a second amended complaint to cure his pleading defects.

### B.     Motion for Summary Judgment

Plaintiff's motion for summary judgment is premature. (D.I. 59) A scheduling order has not been entered and discovery has not yet commenced. Therefore, the motion will be denied without prejudice as premature.

### V.     CONCLUSION

For the above reasons, the Court: (1) finds that Plaintiff has shown cause why the case should not be dismissed; (2) will grant Defendant's motion to dismiss (D.I. 55); (3) will give Plaintiff

4

leave to file a second amended complaint; and (4) will deny without prejudice as premature Plaintiff's motion for summary judgment (D.I. 59).

An appropriate Order will be entered.